IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
JUSTIN HEFFNER,                    )
                                   )    2:12-cv-00150-GEB-CMK
          Plaintiff,               )
                                   )    ORDER OF DISMISSAL
     v.                            )
                                   )
WELTMAN, WEINBERG & REIS CO.,      )
LPA,                               )
                                   )
          Defendant.               )
_____   )
```

Plaintiff was required to respond to an Order filed April 13, 2012, by either "fil[ing] whatever documents are required to prosecute this case as a default matter or Show[ing] Cause in a writing filed why this action should not be dismissed for failure of prosecution." (ECF No. 8, 1:21-2:2.) Plaintiff failed to respond to the April 13, 2012 Order by these deadlines. Therefore, the issue of whether this action should be dismissed for failure of prosecution is reached.

When considering whether to dismiss a case for failure to prosecute, a court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

1  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

2  　　　　The first and second factors weigh in favor of dismissal in
3  this case since Plaintiff's failure to prosecute has impaired the
4  public's interest in expeditious resolution of litigation and undermines
5  the Court's ability to manage its docket. See Yourish v. Cal. Amplifier,
6  191 F.3d 983, 990 (9th Cir. 1999)("[T]he public's interest in
7  expeditious resolution of litigation always favors dismissal.");
8  Pagtalunan, 291 F.3d at 642 ("It is incumbent upon the Court to manage
9  its docket without being subject to routine noncompliance of
10 litigants[.]").

11 　　　　The third factor concerning the risk of prejudice to Defendant
12 considers the strength of a party's excuse for non-compliance. See
13 Pagtalunan, 291 F.3d at 642-43 ("[T]he risk of prejudice [is related] to
14 the plaintiff's reason for defaulting."). Since Plaintiff has provided
15 no reason for his non-compliance, the third factor also favors
16 dismissal.

17 　　　　The fourth factor concerning whether the Court has considered
18 less drastic sanctions, also weighs in favor of dismissal since
19 Plaintiff failed respond to the April 13, 2012 Order despite that
20 order's requirement that Plaintiff show cause in writing why the action
21 should not be dismissed for failure of prosecution if Plaintiff failed
22 to timely file the documents required to prosecute this case as a
23 default matter. Cf. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.
24 1992)("[A] district court's warning to a party that his failure to obey
25 the court's order will result in dismissal can satisfy the
26 'consideration of alternatives' requirement.").

27 　　　　The fifth factor concerning the public policy favoring
28 disposition of cases on their merits, weighs against dismissal.

1  Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases
2  on the merits.").
3        Since the balance of the factors strongly favors dismissal of
4  this action, this action is dismissed and this case shall be closed.
5  Dated:  August 14, 2012

                                     _____
                                      GARLAND E. BURRELL, JR.
                                      Senior United States District Judge